A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Civil Misc. No 00-3047

**ORDER**

**CONFLICT DISCLOSURE STATEMENT**

In compliance with Fed. R. App. P. 26.1, Fed. R. Bankr. P. 1007(a)(1) and 7007.1, Fed R. Civ. P. 7.1, and Fed. R. Crim. P. 12.4, and other considerations which require judges to avoid conflicts of interest with unnamed corporations, partnerships, limited liability entities, joint ventures, trust entities, and other entities which may be related to parties to actions in this court, it is

ORDERED that this court's order (Civ. Misc. No. 00-3047) (Doc. # 2) entered February 16, 2007, is hereby VACATED. It is further ORDERED as follows:

1. All parties (including individuals and governmental entities) shall file a statement identifying all parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities that could potentially pose a financial or professional conflict for a judge. The statement shall be filed with a party's first appearance. If there are no reportable relationships, that fact shall be certified in the filing.

2. In addition to this requirement which applies to all cases, all bankruptcy appeals shall be accompanied by a statement identifying the debtor, the members of creditors' committee, any entity which is an active participant in the proceedings, and other entities whose stock or equity value may be substantially affected by the outcome of the proceedings.

3. It is the responsibility of each party to a case to file a supplemental disclosure statement if, during the pendency of the case, additional reportable entities develop that would have been reportable initially.

  4. This rule shall become effective on the date of filing, and shall apply to all cases pending in this court after that date.

  DONE this 12<u>th</u> day of <u>June</u>, 2007

                /s/ Mark E. Fuller
                CHIEF UNITED STATES DISTRICT JUDGE


                /s/ Myron H. Thompson
                UNITED STATES DISTRICT JUDGE


                /s/ W. Keith Watkins
                UNITED STATES DISTRICT JUDGE

Case 1:07-cv-01046-WKW-WC   Document 2-2   Filed 12/10/2007   Page 2 of 3

**SAMPLE NOTICE FORMAT**

**Note:** When E-Filing this pleading, please enter a separate docket entry. The event entry is located on CM/ECF by clicking: **CIVIL > OTHER DOCUMENTS > CORPORATE DISCLOSURE STATEMENT** A **screen-fillable** Adobe Acrobat PDF form, which can be saved and E-Filed, is available on-line; it is available at http://www.almd.uscourts.gov/docs/CONFLICT_DISCLOSURE_STATEMENT_FILLABLE.pdf

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

_____, )
)
)
    Plaintiff, )
)
v. ) CASE NO. _____
)
_____, )
)
    Defendants, )

**CONFLICT DISCLOSURE STATEMENT**

    COMES NOW _____, a [Plaintiff/Defendant] in the above-captioned matter, and in accordance with the order of this Court, making the following disclosure concerning parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the provisions of the Middle District of Alabama's General Order No. 3047:

☐   This party is an individual, or

☐   This party is a governmental entity, or

☐   There are no entities to be reported, or

☐   The following entities and their relationship to the party are hereby reported:

<u>Reportable Entity</u>                            <u>Relationship to Party</u>

_____    _____

_____    _____

_____    _____

_____    _____

_____      <u>Signature</u>
Date                   Counsel

_____
Counsel for (print names of all parties)

_____
Address, City, State Zip Code

_____
Telephone Number

Also requires a certificate of Service